■ In the Matter of the Claim of CAROL N. MILLIEN, Appellant. COMMISSIONER OF LABOR, Respondent. [675 NYS2d 419] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 3, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a child care worker at a group home for emotionally disturbed adolescents. When the employer learned that residents of the group home had attended a barbecue at the home of claimant's relative, claimant and other staff members were given written warnings for violating the employer's policy which prohibits bringing residents to a staff member's home or to an environment where alcohol is being served. Thereafter, claimant was discharged when the employer discovered that she had not told the truth during the investigation of the incident when she claimed that she had not invited the residents to the barbecue.

The Unemployment Insurance Appeal Board denied claimant's subsequent application for benefits on the ground that claimant's conduct rose to the level of disqualifying misconduct. Inasmuch as the employer was responsible for the health and safety of the emotionally disturbed adolescent residents and had a vested interest in employing honest individuals, the fact that claimant failed to tell the truth in a matter involving the residents was potentially detrimental to the employer's best interest. Accordingly, we find that substantial evidence supports the Board's finding that claimant was guilty of disqualifying misconduct (*see, Matter of Merard [Rockland Arc— Sweeney]*, 240 AD2d 828; *Matter of Yuhas [Sweeney]*, 220 AD2d 977). Although claimant maintains that there was a misunderstanding and that she did not admit inviting the residents, this created a credibility issue for the Board to resolve (*see, Matter of Tietze [Hudacs]*, 193 AD2d 1000). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.